UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDDIE WILLIAMS,<br><br>Defendant. | ) | No. 4:26-CR-00393-MAL-JMB |

**UNITED STATES' MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America, by and through Thomas C. Albus, United States Attorney, and Jolene Taaffe, Special Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Freddie Williams detained pending trial, and requests that a detention hearing be held within three days of his initial appearance, pursuant to 18 U.S.C. § 3142(f)(2).

**INTRODUCTION**

Defendant Freddie Williams is charged with one count of conspiracy to commit bank fraud, fifteen counts of bank fraud and three counts of possession of stolen mail. As detailed below, the defendant has a history of providing false names and obstructing law enforcement, has no known ties to the Eastern District of Missouri, and has an incentive to flee given the strength of the evidence against him. He, therefore, presents a serious risk of flight and should be detained pending trial.

**ARGUMENT**

**A. Standard**

When considering the issue of detention in a fraud case like this one, the Court must first

decide whether the case involves a serious risk of flight. 18 U.S.C. § 3142(f)(2)(A); *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) ("[T]he government has the burden to show that the case 'involves' one of the circumstances defined in §3142(f)(1) or (2)."). If it does, then, just as in any other case, the Court must determine "whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community" by considering, among other things, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). While these two inquiries are "not identical," they "substantially overlap," so "many of the same considerations apply." *Cook*, 87 F.4th at 924-25. A finding of serious risk of flight and risk of nonappearance need only be supported by a preponderance of the evidence, and a finding of dangerousness must be supported by clear and convincing evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991).

**B. The Defendant Poses a Serious Risk of Flight.**

The nature and circumstances of the defendant's charged crimes—along with the overwhelming proof establishing his guilt—and his history of providing false names, and obstructing law enforcement demonstrate his serious risk of flight. Over the past several years, the defendant frequently traveled from state to state stealing checks from the mail. The defendant then altered and counterfeited the checks at various banks in multiple states.

The defendant has a lengthy criminal history that includes failing to appear, providing a false name, forgery, obstruction of law enforcement, and possession of a controlled substance. His

criminal history also supports a finding that he is a danger to the community having convictions for aggravated assault and battery of a law enforcement officer. The defendant drives through multiple states executing his scheme. He resides in Georgia but was apprehended in South Dakota with equipment consistent with his criminal activities. His interstate travel to commit his crimes, along with his use of false names, history of obstructing law enforcement and violent criminal history, demonstrate his serious risk of flight and danger to the community.

The risk that the defendant will flee is heightened by the strength of the evidence against him and his lack of ties to a community within the Eastern District of Missouri. Although the defendant is presumed innocent, the evidence against him is strong. His interstate travel and commission of crimes during such interstate travel demonstrate his willingness and means to flee. The likelihood of a federal prison sentence—combined with the defendant's lack of binding ties to this district—demonstrate his motivation to flee. *See Abad*, 350 F.3d at 799 ("Abad faces a maximum sentence of 30 years, *see* 18 U.S.C. § 2423(b), which . . . weighs strongly in favor of a finding Abad would be a flight risk."). As such, the defendant poses a serious risk of flight. *See Cook*, 87 F.4th at 925 (in affirming order of detention, Court held that defendant's "status as an absconder and her history of failing to appear weigh heavily in favor of finding 'a serious risk that such person will flee'").

**C. The Nature and Circumstances of the Offense, As Well As the Weight of the Evidence, Support Detention.**

Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant the defendant's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). Given the defendant's interstate travel and recruitment of vulnerable local individuals to assist in his cash checking scheme, the defendant poses a significant risk of flight and financial danger to the community. *See* 18 U.S.C. § 3142(g)(3)(B) and (4); *see also United States v. Parodi*, No. CR-

08-0083-PJH, 2008 WL 683421, at *3 (N.D. Cal. Mar. 7, 2008) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute."); *United States v. Reynolds*, 956 F.2d 192 (9th Cir.1992) (denying defendant's motion for bail pending appeal because he failed to show by clear and convincing evidence that he did not constitute an economic danger to the community) (citing *United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir.1979) (danger is not limited to physical harm)); *see also United States v. Moss*, 522 F. Supp. 1033, 1035 (E.D. Pa. 1981) ("It is generally agreed, of course, that a [c]ourt may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical."), *aff'd* 688 F.2d 826 (3rd Cir.1982); *United States v. Miranda*, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("First, it is beyond dispute that the criterion of 'danger to the community,' which is an explicit component of the Bail Reform Act, is not limited to the potential for doing physical harm."). In short, both the nature of the offense and the weight of the evidence support detaining the defendant pending trial.

**D. Through His Unwillingness to Follow the Laws of the United States, the Defendant Has Demonstrated That There Are No Conditions That Will Reasonably Assure His Appearance.**

The defendant's unwillingness to conform his conduct to the law demonstrates the ineffectiveness of any conditions to assure his appearance. Every pretrial condition that this Court could impose relies—at least to some extent—on the defendant's ability to adhere to the rules of the Court and the laws of the United States. His proven inability to follow the law shows why detention must be imposed. *See United States v. Riojas*, No. 97-20012, 1997 WL 34611252, at *1 (5th Cir. July 11, 1997) (affirming district court's detention order where preponderance of the evidence established that defendant would continue to commit drug trafficking or related crimes if "released and, therefore, pose[d] a danger to the community and [was] a flight risk").

Accordingly, the defendant has demonstrated that there are no conditions that will assure his appearance. *See id.; see also Abad*, 350 F.3d at 799 (upholding the detention order of a defendant who was not a United States citizen and finding that "[a]lthough electronic surveillance is available, when considering all the factors at issue in the present case, there is insufficient evidence to assure Abad's appearance at trial" even when considering letters of support from his family).

**CONCLUSION**

For all of the foregoing reasons, Defendant Freddie Williams is a serious flight risk, and there is no condition or combination of conditions that will reasonably assure his future appearance. Accordingly, he should be ordered detained pending trial.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

*/s/ Jolene Taaffe*
JOLENE TAAFFE, #56946MO
Special Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200